## M. P. HOBART v. J. R. STEWART.[1]

### November 23, 1906.

### Nos. 15,045—(73).

**Real Estate Broker.**

The defendant was the owner of a tract of land upon which there was a mortgage, for the payment of which he was not personally bound. He agreed to give the plaintiff, a real estate broker, the exclusive sale of the land for sixty days and one-half of all moneys obtained on a sale thereof over $20 per acre, less $455. The plaintiff procured a purchaser, to whom the defendant conveyed the land burdened with the mortgage, but the purchaser by the terms of the deed did not assume its payment. *Held*, that, in determining plaintiff's compensation, the amount of the mortgage must be taken as a part of the purchase price.

Action in the district court for Hennepin county to recover $1,944.10, as commission for securing a purchaser for certain lands, and interest thereon. The case was tried before Holt, J., and a jury, which rendered a verdict in favor of plaintiff for $2,064.34. From an order denying a motion for judgment notwithstanding the verdict, or for a new trial, defendant appealed. Affirmed.

*W. E. Dodge* and *E. L. Sutton*, for appellant.

*James E. O'Brien*, for respondent.

START, C. J.

Action in the district court of the county of Hennepin to recover for the services of the plaintiff as a real estate broker in procuring a purchaser for the defendant's land. Verdict for the plaintiff for $2,064.34. The defendant appealed from an order denying his motion for judgment or for a new trial.

The sole question presented by the record for our decision is whether the trial court erred in refusing the defendant's motion for a directed verdict in his favor. If upon the record the plaintiff, as a matter of law, was not entitled to recover in this action, the court erred, and its order must be reversed; otherwise affirmed, as the defendant in this court makes no claim that he is entitled to a new trial in case it

[1] Reported in 109 N. W. 704.

shall be found that he is not entitled to judgment notwithstanding the verdict.

The defendant, on January 27, 1905, was the owner of 572.84 acres of land in the county of Polk, subject to the lien of a mortgage thereon for $6,500, for the payment of which he was not personally bound. On the day named the parties entered into a written contract as follows:

> I hereby agree with M. P. Hobart to divide equally all moneys obtained over $20.00 per acre, less $455.00 interest on loan which I have assumed, on the sale of Section 5, Township 148, Range 48, Polk County, Minnesota. And further agree to give Mr. Hobart exclusive sale of said land for at least sixty days from date. J. R. Stewart.

> Your typewritten agreement received, and is all very satisfactory. When I get these sales or trades lined up just right I will bother you, but will work on whatever line that I see fit to with the expectation of getting you the $20.00 an acre net, and divide all profits obtained over and above this figure, less $450.00 interest advanced by you. M. P. Hobart.

The plaintiff procured a purchaser for the land, introduced her to the defendant, who, through the efforts of the plaintiff, sold the land to such purchaser on February 6, 1905, and conveyed it to her for the recited consideration in the deed of $17,000. The grantee did not assume the payment of the mortgage on the land by the terms of the deed. The defendant received from the purchaser on such sale $1,500 in money, a stock of merchandise of the agreed value of $6,000, and a second mortgage on the land for $1,800. These facts are not disputed.

There was evidence on the part of the plaintiff tending to show that the consideration for which the land sold was $9,300 paid in cash or its equivalent to the defendant, and the assumption by the purchaser of the mortgage of $6,500—in all, $15,800. This is contradicted by other evidence in the case, but the evidence is practically conclusive that the defendant, at the beginning of the negotiations for the sale of the land, asked $17,000 for it, and that the purchaser offered $25 per acre for it. However, as we view the case, it is immaterial whether or not there was an express agreement that the purchaser should

assume the payment of the mortgage of $6,500, for it was a burden on the land, which the defendant, if he sold the land for $20 per acre, or any other sum, was bound to remove, or deduct the amount thereof from the purchase price with the consent of the purchaser, and convey the land burdened with the mortgage. He was under no obligation to pay the mortgage as between himself and the mortgagee, but, if he agreed to sell the land at a stipulated sum per acre, he was bound to provide for the mortgage in some manner which would be satisfactory to the purchaser, and in such a case the mortgage would necessarily enter into the purchase price, for the land would be worth to the purchaser $6,500 less with the mortgage on it than it would be without it.

The defendant, however, insists that the contract between the parties must be construed to mean that the plaintiff was not entitled to anything under it unless the land sold for more than $20 per acre net to the defendant—that is, for $11,456.80, without reference to the mortgage. This means that the contract was for a sale of the land at not less than $20 per acre with the mortgage on it, or over and above the amount thereof, and that after deducting from the excess for which the land might be so sold over $11,456.80, the sum of $455, the plaintiff was to have one-half for his services if there was any surplus.

If this be the correct construction of the contract, the defendant is entitled to judgment, for admittedly the amount of the purchase price received by the defendant, excluding any consideration of the mortgage, was $9,300. It is obvious that the contract cannot be so construed without reading into it a provision to the effect that the land was to be sold for more than $20 per acre, subject to, or exclusive of, all incumbrances upon it.

The language of the contract will not admit of any such radical construction. The contract as to the sale of the land and the compensation of the plaintiff for his services is reasonably clear. It, in effect, provides for an equal division between the parties of all moneys obtained from a sale of the land over $20 per acre, less $455; the plaintiff to have the exclusive sale of the land for sixty days. Counsel for defendant attaches importance to the statement in the plaintiff's acceptance as to his expectation of getting for the defendant $20 an acre net, and dividing the profits, less $455. This does not qualify the defendant's proposition, for it is quite obvious that the word "net" was used

to indicate that no part of the expenses of making and consummating the sale was to come out of the $20 per acre.

It follows that the trial court correctly included the amount of the mortgage as a part of the purchase price of the land, and that it does not appear from the record, as a matter of law, that the plaintiff was not entitled to recover in this action. It is true, as claimed by the defendant, that under the terms of the contract the sale of the land was to be for cash. The trial court instructed the jury that, unless they found that the stock of goods was accepted by the defendant at the price of $6,000, and the mortgage of $1,800, in lieu of money on the purchase price, their verdict should be for the defendant.

The verdict was for the plaintiff, and the finding of the jury to the effect that the goods and mortgage were accepted by the defendant as money on the purchase price is conclusive on this appeal. Such being the case, the plaintiff performed his part of the contract alleged in the complaint, and the verdict must stand.

Order affirmed.